# Exhibit "A"

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br><br>Court Address: 1437 Bannock St., Denver CO 80202<br><br>ENVIRONMENTAL HAZMAT SERVICES INC., a Colorado Corporation<br><br>   Plaintiff,<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY, an Arizona Corporation<br><br>   Defendant.<br><br>*Attorneys for Plaintiff*<br>Wendelyn Walberg #13056<br>Katherine Smith Dedrick #51927<br>Walberg Law, PLLC<br>151 Summer Street, Unit 538<br>Morrison, CO 80465<br>720-536-5699<br>Wendy@walberglaw.com<br>Katherine@walberglaw.com | ▲ COURT USE ONLY ▲<br>DATE FILED: October 3, 2022 2:20 PM<br>FILING ID: 585AD87BD7B4D<br>CASE NUMBER: 2022CV32850<br><br><br>Case Number:<br><br>Courtroom: |
| **ENVIRONMENTAL HAZMAT SERVICES INC.'S COMPLAINT AGAINST NAUTILUS INSURANCE COMPANY** ||

Plaintiff, Environmental Hazmat Services Inc. (EHS), through its attorneys, Walberg Law PLLC, submits this Complaint against Defendant Nautilus Insurance Company (Nautilus). Plaintiff states and alleges as follow

### I. THE PARTIES

1.   Plaintiff EHS is a Colorado corporation, with its principal place of business in Colorado.

2. Nautilus is an Arizona company, with its principal place of business in Arizona, and upon information and belief is authorized to conduct business in the state of Colorado.

## II. JURISDICTION AND VENUE

4. This is an action seeking, in part, declaratory judgment pursuant to Rule 57, C.R.C.P., with respect to an insurance policy issued by Nautilus to EHS. This Court has jurisdiction to adjudicate this matter pursuant to Rule 57(a).

5. Venue is proper in this Court under Rule 98(c)(1), C.R.C.P., because the defendant is not a resident of this state.

## III. GENERAL ALLEGATIONS

**EHS' Purchase of the Nautilus' Package Policy**

6. EHS purchased a policy from Nautilus and paid for multiple different insurance coverages.

7. Nautilus issued a policy to EHS as the named insured under policy No. ECP2032061-10, for the May 20, 2020 to May 20, 2021 policy period. Exhibit A is the policy (the Policy).

8. The Policy provides coverage to EHS for commercial general liability coverage, contractors pollution liability coverage, professional liability coverage, and site-specific pollution liability coverage, among others.

**The Denver Homeless Out Loud Litigation and Nautilus' Denial of Coverage**

9. Denver Homeless Out Loud and various individual plaintiffs filed a class action entitled *Denver Homeless Out Loud et al v. Denver, CO, et al* No.: 20-cv-02985, in the United States District Court for the District of Colorado against EHS and others, including the City of Denver, its Mayor and other officials and persons (DHOL Litigation). Exhibit B, is the first amended class action complaint in the DHOL Litigation (FAC), which is the current operative pleading. Exhibit C is the original complaint.

10. The FAC contains seventeen claims for relief spanning 125 pages with 629 paragraphs.

11. Claims one through four, eleven, twelve, fourteen and fifteen of the FAC are directed against EHS and/or all defendants including EHS.

12. EHS timely tendered the complaint and the FAC to Nautilus and requested insurance coverage under its Policy.

13. The Policy requires Nautilus to defend and indemnify EHS for the allegations and claims asserted against EHS in the DHOL Litigation.

14. Nautilus has denied coverage even though the allegations of the FAC (and complaint) trigger coverage under its Policy.

15. Nautilus failed to provide a defense to its insured EHS for the DHOL Litigation.

16. Nautilus issued declination letters refusing to provide a defense or otherwise provide coverage to EHS concluding that none of the 125 pages and 629 paragraphs of allegations in the FAC (or the complaint) are within the terms and provisions of any of the coverages purchased by EHS and contained in its Policy.

17. Nautilus applied incorrect standards when it declined coverage to its insured EHS and failed to carefully review the allegations of the FAC (and complaint) particularly as they pertain to EHS vis a vis other defendants.

18. Under Colorado law an insurer's duty to defend is broadly construed under liability insurance policies and this duty is a first-party benefit to and claim on behalf of an insured.

**The Coverages Under the Policy**

19. The DHOL Litigation seeks damages against EHS allegedly as a result of "bodily injury" and/or "property damage" caused by an "occurrence" as those terms are defined in the comprehensive general liability coverage portion of the Policy.

20. In addition, the other coverages under the Policy are also triggered by the FAC's (and complaint) allegations including Personal Injury and Advertising Liability, Medical Payments, and Professional Liability.

21. Under Colorado law, Nautilus bears the heavy burden of establishing that the allegations in the FAC (and complaint) are solely and entirely within the exclusions in the Policy.

## I. FIRST CLAIM FOR DECLARATORY JUDGMENT
### (EHS is entitled to Coverage Under the Policy)

22. EHS incorporates paragraphs 1 through 21 of its complaint.

23. The comprehensive general liability coverage portion of the Policy provides coverage for damages for "bodily injury" and "property damage" caused by an "occurrence."

24. The allegations of the FAC (and complaint) seek damages for bodily injury and property damage caused by an occurrence.

25. The allegations of the FAC (and complaint) also allege injuries and seek damages arising out of enumerated offenses contained in the Personal and Advertising Liability coverage provided by the Policy.

26. The allegations of the FAC (and complaint) allege injuries and seek damages covered under the medical payments coverage of the Policy.

27. The allegations of the FAC (and complaint) allege injuries and seek damages covered under the Professional Liability coverage of the Policy.

28. The allegations of the FAC (and complaint) allege injuries and seek damages covered under other coverages in the Policy.

29. Despite EHS' tenders and requests for coverage under the Policy, Nautilus has failed and refused to defend EHS or otherwise provide coverage.

WHEREFORE, EHS respectfully requests the following declarations and entry of declaratory judgment in its favor and against Nautilus as follows:

    a.    That Nautilus owes EHS a duty to defend the DHOL Litigation;

    b.    That Nautilus owes indemnity to EHS for damage arising from the DHOL Litigation; and

    c.    For other and further relief that the Court deems just and proper.

## II. SECOND CLAIM FOR RELIEF
**(Breach of Contract)**

30. EHS incorporates herein paragraphs 1 through 29 of its complaint.

31. EHS purchased the Policy from Nautilus which Policy requires Nautilus to defend and/or indemnify EHS for the DHOL Litigation.

32. The Policy between EHS and Nautilus is a binding contract.

33. Nautilus has denied and failed to defend and/or indemnify EHS for the DHOL Litigation.

34. Nautilus' failure to honor its defense obligation is a breach of contract.

35. Nautilus' failure to honor its coverage obligation regarding indemnity by declining is a breach of contract.

36. Nautilus' breach of contract has damaged, and continues to damage EHS.

WHEREFORE, EHS seeks damages in the amount of defense fees and costs that were owed by Nautilus for the defense of the DHOL Litigation and for any indemnity damages from the DHOL Litigation.

## III. THIRD CLAIM FOR RELIEF
**(Unreasonable Delay and Denial of Payment of Covered Benefits
CRS §10-3-1115 and 10-3-1116 *et seq.*)**

37. EHS incorporates herein paragraphs 1 through 36 of its complaint.

5

38. Under Colorado Revised Statute §10-3-1115, an insurer who delays or denies payment to an insured or on its behalf without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

39. Nautilus delayed and denied the defense owed to its insured EHS for the DHOL Litigation by failing to provide the coverage owed under the Policy.

40. The DHOL Litigation contains allegations of bodily injury and property damage caused by an occurrence and despite such allegations and the law of Colorado regarding the duty to defend, Nautilus denied coverage under the Policy.

41. The DHOL Litigation also contains allegations which trigger coverage under other coverage parts of the Policy.

42. Nautilus' failure to defend EHS is without a reasonable basis.

43. Colorado Revised Statute §10-3-1116 *et seq.* provides in part, that an insured can "recover reasonable attorney fees and court costs and two times the covered benefit," if its insurer unreasonably delayed or denied payment of that benefit. CRS 10-3-1116(1).

44. Nautilus owes defense to EHS for the DHOL Litigation.

45. Nautilus' failure to defend EHS in the DHOL Litigation resulted in an unreasonable delay and denial of covered benefits without a reasonable basis.

WHERERFORE, EHS respectfully requests this Court enter judgment against Nautilus for damages authorized pursuant to Colorado Revised Statute §10-3-1116, costs, pre and post judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

DATED: October 3, 2022

            Respectfully submitted,

          By: *s/ Katherine Smith Dedrick*
            Wendelyn K Walberg
            Katherine Smith Dedrick
            WALBERG LAW PLLC
            *Attorneys for Environmental Hazmat Services, Inc.*